## Case No. 11,837.

RILEY et al. v. DANIELS.[1]

Circuit Court, D. Connecticut. 1876.

PATENTS FOR INVENTIONS — NOVELTY — EVIDENCE —WOOLEN LAMP WICKS.

[In an action for infringement of letters patent issued December 13, 1864, to Thomas Bingham, for woolen lamp wicks, on an application filed July 14. 1862. the testimony of one witness that he formed a lamp wick from woolen cloth and peddled flat woolen wicks in January, 1862, is sufficient to overcome the prima facie evidence furnished by the letters patent that plaintiff was the original inventor.]

This was a bill in equity by Walter A. Riley and Ferdinand Dickinson, Jr., against Aaron M. Daniels, for infringement of patent.

William Edgar Simonds, for plaintiffs.

Theodore G. Ellis, for defendant.

SHIPMAN, District Judge. The plaintiffs are the owners of letters patent granted to Thomas Bingham on December 13th, 1864, for an improvement in lamp wicks. The application was filed in the patent office on July 14th, 1862. The present suit is a bill in equity to restrain the defendant from an infringement of these letters patent, and for an account. The material defense is that the patentee was not the first inventor of the patented article. An attempt to deny infringement was not successful. The specification states that the nature of the invention and improvement consists in constructing the wick in whole or in part of wool, manufactured into cloth or otherwise, and rendered compact by manufacture, pulling, or otherwise, and disclaims any particular manner of constructing or using wicks. The claim is for "the substitution of wool in whole or in part for wicks to lamps for burning fluids," &c. One of the plaintiffs, upon being asked to describe the process of manufacture, replied, "I take the woolen goods from which they are made. and cut them into the proper form for wicks," and to the question "Is that all you do?" replied, "That is all, except to order goods made for us, as we need them." The wick of the plaintiffs is a flat wick. The invention is manifestly of a very simple character, but as the defendant expressly admitted upon the trial that he had no defense upon the ground of

[1] [Not previously reported.]

non-patentability, and as, by reason of such concession, no testimony was taken to show the great utility of the invention, the only question before me is that of novelty. Three witnesses, Stiles W. Curtis, William N. Woodruff, and Hezekiah K. Sears, were introduced by the defendant to show an invention, a reduction to practice, and a disclosure of the invention to the public, prior to July, 1862. The attempts of Mr. Curtis to use woolen wicks were manifestly in the nature of mere experiments. The use of a single wick by Mr. Woodruff is not proved to have been before the date of the invention by the patentee. The use of satinet wicks by H. K. Sears, in 1836 and 1837, was somewhat experimental, and, if his testimony had been confined to a use in those years, would have been insufficient. But he also testifies that in January and in February, 1862, he sold ordinary tin lamps with flat woolen wicks, which he made himself, to the soldiers of the Union army in Virginia and in the District of Columbia, and informed and showed the purchasers that woolen wicks could be used in the lamps. His testimony I believe to be true. The important question upon this state of facts is whether, inasmuch as the defendant takes the burden of proof, and must overcome by preponderating testimony the prima facie evidence which is furnished by the letters patent, the testimony of a single witness is sufficient to create such a preponderance. In cases in which the priority of the invention of a machine was the subject of controversy, I should not be willing to rely upon the testimony of a single witness that he had made such a structure, and had antedated the patent, unsupported by the presence of the machine itself. The bare recollection of one witness in regard to the peculiar construction of a piece of machinery, especially if the structure is one of a complex character, is not ordinarily sufficient evidence to defeat a patent. But in this case the invention of the patentee was of the simplest character, and consisted of a strip of woolen cloth cut into the shape of a lamp wick. Much less testimony should be demanded to satisfy a court that a very simple invention had been anticipated, than would be necessary to prove the fact that previously to the alleged date of an invention originally requiring much labor, skill, and ingenuity, another person had made and completed the same machine or article. The evidence should be of such a character as to satisfy the court that the prior invention of the particular article in controversy took place. As there is no improbability from the character of the invention that Mr. Sears might not also have formed a wick from woolen cloth, and as I have no doubt that he did peddle flat woolen wicks in January, 1862, among the soldiers, I am of opinion that the patentee was not the first and original inventor of the patented article, and that the bill should be dismissed.